FILED
U.S. DISTRICT COURT
2006 NOV 22 A 11: 08
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GLENN D. MCELDERRY, <br><br>Plaintiff, <br><br>v. <br><br>PRAXAIR HEALTHCARE SERVICES, INC., and DOES 1-20, <br><br>Defendants. | MEMORANDUM OPINION AND ORDER <br><br>Case No. 2:04CV59 <br><br>Judge Dee Benson |

Defendant Praxair Healthcare Services Inc. ("Praxair") has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## BACKGROUND

Praxair specializes in the delivery and set up of certain types of durable respiratory equipment for Medicare and Medicaid recipients. Glenn D. McElderry ("Relator") filed this lawsuit against Praxair under the qui tam provision of the False Claims Act, 31 U.S.C. §3729. In this suit, Relator alleged that Praxair employees delivered and set up durable respiratory equipment in violation of (1) the Utah Respiratory Care Act, (2) Utah medical licensing requirements, and (3) the Utah nursing licensing requirements. Relator alleges that Praxair then filed reimbursement claims with Medicare and Medicaid falsely stating that it complied with Utah licensing laws. Praxair has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## ANALYSIS

The False Claims Act provides:

> Any person who (1) knowingly presents, or causes to be presented to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; and (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid for or approved by the Government...is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729. Knowingly is defined as "(1) actual knowledge of information; (2) acts in deliberate ignorance of the truth of falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the claim." 31 U.S.C. §3729(b). Thus, a plaintiff must plead that a defendant knowingly violated, deliberately ignored, or recklessly disregarded the law in order to survive a motion for judgment on the pleadings.

### A.     Utah's Respiratory Care Act

In 2002 and 2003, when the alleged infractions occurred, Utah's Respiratory Care Act provided, "(1) Only a respiratory care practitioner may use the following titles or designations in this state: (a) respiratory care practitioner; (b) respiratory therapist; or (c) respiratory technician. (2) Any person who violates this section is guilty of a class A misdemeanor." Utah Code Ann. § 58-57-10 (2002). In 2006, the Utah legislature amended the Respiratory Care Act. The General Description of the Amendment provides:

> This bill amends the Respiratory Care Practices Act to clarify that the installation of durable medical equipment and instructions on its use does not require licensure under the act, and to change licensure requirements from permissive to mandatory beginning January 1, 2007.

*See* Praxair's Mem. in Supp. Judg. on Pleadings, at Exhibit A.

2

Utah's Respiratory Care Act requires licensure only for those who hold themselves out as a respiratory care practitioner, respiratory therapist, or respiratory care technician. Moreover, the legislature has noted the permissive nature of the licensure requirements at the time the alleged infractions occurred by making them mandatory beginning in January, 2007. Relator has not alleged that Praxair employees held themselves out to be respiratory care practitioners, respiratory therapists, or respiratory technicians. Because the plain language of the Respiratory Care Act prohibits only the use of these respiratory care titles, something Relator has not alleged, and licensure itself was permissive, Relator has failed to plead a violation of Utah's Respiratory Care Act.

### B. Utah's Medical Licensing Requirements

Relator has alleged that Praxair's employees violated Utah's medical licensure requirements because their tasks constituted the practice of medicine. In order for Relator to prosecute this claim under the False Claims Act, he must allege that Praxair knowingly violated, deliberately ignored, or recklessly disregarded Utah's medical licensure statutes. Under Utah law, the practice of medicine is defined in part as:

> to diagnose, treat, correct, administer anesthesia, or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, or to attempt to do so, by any means or instrumentality, and by an individual in Utah or outside the state upon or for any human within the state, except that conduct described in this subsection (8)(a) that is performed by a person legally and in accordance with a license issued under another chapter of this title does not constitute the practice of medicine.

Utah Code Ann. §58-67-102(8)(a) (2002).

Relator does not allege that Praxair's employees practiced medicine in any traditional sense of the phrase. Moreover, it is not clear that the delivery and installation of respiratory equipment

3

constitutes diagnosing, treating, or correcting any physical or mental ailment. Indeed, it is a stretch to argue that Praxair's activities require licensure under the Utah statute.

In order to proceed with a claim under the False Claims Act, however, Relator must allege that Praxair knew its employees were practicing medicine, that it deliberately ignored the licensing requirements, or that it recklessly disregarded the medical licensing requirements. Relator has not alleged that Praxair acted with the requisite knowledge, deliberate ignorance, or reckless disregard to the medical licensing requirements. Rather, Relator argues that under an expansive interpretation of the licensing requirements, the functions performed by Praxair employees might require medical licensure. Possible violations, however, are not enough to satisfy the "knowingly" standard required by the False Claims Act. Because Relator has not alleged that Praxair knowingly violated, deliberately ignored, or recklessly disregarded Utah's medical licensure statutes, he cannot recover under the False Claims Act.

### C.     Utah's Nursing Licensing Requirements

Under Utah law, the practice of nursing is divided into categories: certified medication aide; advanced practice registered nursing; practice of nurse anesthesia; practice of nursing; practice of practical nursing; and the practice of registered nursing. Utah Code Ann. §58-31b-102 (2002). The most broadly defined of these nursing divisions is the practice of nursing, which includes:

> Assisting individuals or groups to maintain or attain optimal health, implementing a strategy of care to accomplish defined goals and evaluating responses to care and treatment. The practice of nursing requires substantial specialized or general knowledge, judgment, and skill based upon principles of the biological, physical, behavioral, and social sciences, and includes: (a) initiating and maintaining comfort measures; (b) promoting and supporting human functions and responses; (c) establishing an environment conducive to well-being; (d) providing health counseling and teaching; (e) collaborating with health care professionals on aspects of the health care regime; (f) performing delegated procedures only within the education, knowledge, judgment, and skill of the licensee; and (g) delegating

4

> nurse interventions that may be performed by others and are not in conflict with this chapter.

Utah Code Ann. §58-31b-102(15) (2002).

Like his claim under Utah's medical licensing statute, Relator's claim under Utah's nursing licensing statute fails to allege a knowing or deliberate violation required under the False Claims Act. While an expansive interpretation of the nursing requirements might include the delivery and installation of respiratory equipment, such a finding is, at best, unclear. Knowledge of a violation, deliberate ignorance or reckless disregard of a statute, not simply ambiguity, is required to maintain a claim under the False Claims Act. Because it is uncertain whether the delivery and installation of respiratory equipment constituted the practice of nursing, it was never clear that Praxair's employees needed to be licensed as nurses. Thus Praxair could not have filed Medicaid and Medicare reimbursement claims that it knew were false.

The False Claims Act was not designed to punish parties who provide a bona fide medical service to Medicare and Medicaid recipients. As the Fifth Circuit has noted, "the purpose of the False Claims Act is to discourage fraud against the government." *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994). That is not the case here. Relator does not allege that Praxair failed to provide the respiratory services it was reimbursed for. Relator's pleadings fall short of claiming that Praxair knowingly violated the law and therefore cannot sustain claims under the False Claims Act.

## CONCLUSION

Because of the ambiguity in the statute and plausibility of several alternative interpretations to the nursing licensing requirements, Relator has failed to establish the high threshold of willful wrongdoing required to proceed with a claim under the False Claims Act. For this reason and the

5

other reasons explained above, Praxair's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is hereby GRANTED.

IT IS SO ORDERED.

Dated this 21st day of November, 2006.

Judge Dee Benson